## REAL DEL MONTE CONSOLIDATED G. & S. M. CO. *v.* C. D. THOMPSON.

THE complaint charged a trespass against " C. D. Thompson and the other owners or claimants of the Paul Thompson Quartz Lode." Thompson alone was served with summons, and an answer was filed on behalf of " defendants," without naming them. One Trainovitch was offered as a witness for the defense, and stated that at the time of the commencement of the action he owned an interest in the Paul Thompson Lode and had agreed to pay his proportion of the costs : *held,* that Thompson was the only defendant in the action, and that a release from him to the witness rendered the latter competent.

In an action of trespass for injury to a quartz lode, when T. alone was made a defendant, and by his answer took issue upon the title, an owner of a part of the same lode who had since the commencement of the action but before trial sold his interest in the lode for a price contingent on the validity of his title thereto : *held,* to have no interest which disqualified him as a witness for the defense, as it does not appear that the judgment in this action will affect or determine the title to the part thus sold.

Error, in refusing to permit a witness to answer a proper question, becomes immaterial by the introduction of the same matter to which the question was pointed, under a subsequent interrogatory.

APPEAL from the Sixteenth Judicial District.

The facts are stated in the opinion.

*A. P. Crittenden,* for Appellant.

I.   The witness, Trainovitch, was incompetent. The action was defended for his immediate benefit; and he had a present, certain, and vested interest in the event. He was an owner in the Paul

Thompson claim when this action was commenced and the summons served, and for a long time thereafter, and had agreed with the other owners to pay his proportion of the expenses of defending the suit.   He was therefore liable to his coöwners, and, as to them, his interest was precisely the same as if he had been a party defendant on the record.

The release of C. D. Thompson was ineffectual to discharge that liability, except as to Thompson himself.   To the other owners, the liability of the witness continued.   He was also a warrantor to Castro.   He had a certain sum of money dependent on the result, and would either " gain or lose by the direct legal operation and effect of the judgment."   (Practice Act, Secs. 392, 393 ; *McEwen et al.* v. *Johnson et al.*, 7 Cal. 258 ; *Kimball* v. *Gearhart*, 12 Id. 27 ; *Packer* v. *Heaton*, 9 Id. 568 ; *Mokelumne Hill Canal Co.* v. *Woodbury*, 14 Id. 265.)

II.   The Court erred in sustaining the defendant's objections to the questions put by plaintiff's counsel to the witness, W. J. Smith, called in rebuttal.

*L. Quint*, for Respondent.

I.   The record discloses but one defendant against whom judgment could be rendered and execution issued.   C. D. Thompson is the only person named.   If the plaintiffs had sought to charge any other person or persons except him, they should have designated them under a fictitious name.   (*Morgan* v. *Thrift*, 2 Cal. 562 ; *McNally* v. *Mott*, 3 Id. 235 ; *Sutter* v. *Cox*, 6 Id. 515.)   Hence, we hold, that Nicholas Trainovitch was not a party to the suit, and not liable ; certainly no judgment could have been rendered against him.

Even if it were not necessary to designate the defendants sought to be charged by a fictitious name, the plaintiffs could only proceed against the party personally served.   When the record shows in general terms the appearance of the parties, the appearance will be confined to the parties personally served with process.   (*Chester* v. *Miller*, 13 Cal. 558 ; *Miller* v. *Ewing*, 8 S. & M. 421 ; *Taney* v. *Jordan*, 4 How. Mass. 401 ; *Dean* v. *McKinstry*, 2 S. & M. 213.)

II.   Even if the Court should have allowed the questions in rebuttal, the plaintiffs were certainly not injured thereby, because the facts to which the question pointed were obtained by and under an interrogatory in another form.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action brought by the plaintiffs, a corporation, against C. D. Thompson and the other owners or claimants of the Paul Thompson Quartz Lode, to recover damages for an alleged trespass in working a lode claimed by the plaintiffs, and for an injunction against future trespasses.   The summons was issued and served on Thompson alone, who appeared and filed an answer.   The case was tried and judgment rendered for the defendant; from which, and from an order overruling a motion for a new trial, the plaintiffs appeal.

On the trial the defendant offered one Trainovitch as a witness, who testified that at the commencement of the suit he was a member of the company that sunk the shaft complained of, but had sold out three or four months before ; that he had agreed to pay his proportion of the expenses of the suit, according to the quantity of ground he held ; that the company had deeded to him the portion of ground they had agreed to, twenty-five feet, of which he had sold to one Castro, and had taken Castro's note for a part of the purchase money, and had agreed that if he did not give him a good title he would give him up his note.   Thereupon the defendant, Thompson, executed to witness a release from all actions and all liability which might accrue to him by reason of any judgment which might be obtained against him in the action.   The plaintiff objected that the witness was incompetent on the ground of interest; the objection was overruled and the witness allowed to testify, and this is now assigned as error.   The witness was not a party to the action.   The statement that the action was brought against " C. D. Thompson and the other owners or claimants of the Paul Thompson Quartz Lode," only made Thompson defendant, unless other persons were brought in and made parties by proper proceedings under the direction of the Court, which was not done in this case.   It is urged,

however, that the witness agreed with the *other owners* to pay his proportion of the expenses; that he was therefore liable to his coöwners, and the release by Thompson did not release him from that liability, and therefore he still continued interested to that extent in the result of the suit. It is evident that the agreement was not between the witness and the other owners, but between the defendant, Thompson, who was the person legally liable for the costs and expenses, being the sole defendant to the action, and the other owners, including the witness, and therefore Thompson's release effectually discharged the witness from his liability under that agreement.

It is also urged that he was interested under his agreement with Castro; that the purchase money due him from Castro was dependent on this action, and that he would therefore either " gain or lose by the direct legal operation and effect of the judgment." The agreement with Castro was not that he would give up the note if Thompson lost the suit, but if he did not give him a good title to the twenty-five feet of a quartz lode which he had sold him. It nowhere appears that the judgment in this action will in any way affect or determine the title to this twenty-five feet sold by the witness to Castro. If such is the fact, the plaintiff should have shown it clearly, as the foundation of his objection; not having done so, his objection cannot be sustained. We have no right to presume that the witness was interested; the fact of interest should be clearly disclosed by the record. It follows, that there was no error in admitting the witness to testify.

After the defendant had closed his testimony, the plaintiffs called one Smith as a rebutting witness, and asked him these questions: " First—What was the appearance of the ground immediately after the stripping had been done last year? Second—Was there developed by that stripping any indication of a quartz lead?" It appears that the plaintiff had examined several witnesses in the opening of the case in relation to the stripping of the lead, and the result of it. Some evidence was introduced by the defendant in relation to other leads crossing the lead thus stripped by the plaintiffs, and the latter contend that they had a right to put these questions to rebut this evidence of the defendant. The Court, however, sustained defendant's objection to these questions, and this is also assigned as

error. The record shows that although these two questions were ruled out, yet the plaintiffs were permitted subsequently to put other questions to the witness, in answering which the witness testified to the same matter to which these questions pointed, and they therefore suffered no injury by this ruling of the Court.

The judgment is affirmed.